J-A01037-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| JAMES BERRY | : | |
| Appellant | : | No. 2147 EDA 2019 |

Appeal from the Judgment of Sentence Entered June 28, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006729-2018

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| JAMES BERRY | : | |
| Appellant | : | No. 2148 EDA 2019 |

Appeal from the Judgment of Sentence Entered June 28, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006728-2018


BEFORE:   BENDER, P.J.E., OLSON, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 26, 2021**


Appellant, James Berry, appeals from the judgments of sentence

entered on June 28, 2019, following his convictions at docket number 6728 of

2018 to one count each of endangering welfare of children (EWOC) as a felony

_____

[*] Retired Senior Judge assigned to the Superior Court.

of the third degree and sexual abuse of children,[1] and at docket number 6729 of 2018 to one count of EWOC as a misdemeanor of the first degree.[2]  Upon careful consideration, we affirm Appellant's convictions and affirm those aspects of his judgment of sentence imposing an aggregate term of incarceration of 90 to 180 months of incarceration.  We vacate the order denying Appellant's motion to preclude application of the Sexual Offenders Registration and Notification Act (SORNA), 42 Pa.C.S.A. §§ 9799.10-9799.41, and remand for further proceedings in accordance with our Supreme Court's decision in ***Commonwealth v. Torsilieri***, 232 A.3d 567 (Pa. 2020).

We briefly summarize the facts and procedural history of this case as follows.  Docket 6728 of 2018 involved Appellant's conduct involving his younger brother, J.B. (born in 2001), who suffers from intellectual disabilities.  When J.B. was a young child, Appellant sexually assaulted him twice: once forcing J.B. to perform oral sex and once in attempting to engage in anal sex with J.B.  When J.B. was approximately sixteen years old, Appellant used J.B.'s money to hire a prostitute to have sex with J.B.  J.B. did not want to participate in the sex act but was compelled by Appellant.  Appellant recorded the sexual act.

---

[1] 18 Pa.C.S.A. §§ 4303 and 6312(b)(1), respectively.

[2] 18 Pa.C.S.A. § 4304.

Docket 6729 of 2018 involved Appellant's conduct involving his great-nephew, J.J. (born in 2009). When J.J. was seven years old, he went to Appellant's house for Appellant to babysit him. While there, Appellant "unzipped his pants, pulled out his penis, and told J.J. to touch his penis." Trial Court Opinion, 12/5/2019, at 2 (unnumbered) (record citations omitted). "J.J. did touch [Appellant's] penis and [Appellant] told him to squeeze it. [Appellant] then told J.J. he was not doing it right and left the room where J.J. stayed until his mom picked him up later." *Id.* (unnumbered) (record citations omitted).

As a result, Appellant was charged with various crimes at each docket number. On March 11, 2019, Appellant proceeded to a jury trial. On March 19, 2019, the jury found Appellant guilty as stated above. The jury hung on the remaining charges and the Commonwealth withdrew those charges on April 3, 2019. The court deferred sentencing until June 28, 2019.

In the meantime, on May 21, 2019, the Commonwealth filed a sentencing memorandum. Therein, the Commonwealth advised that, based on Appellant's conviction for sexual abuse of children, he would be required to register for 25 years as a Tier II offender under SORNA. *See* Commonwealth's Sentencing Memorandum, 5/21/2019, at 3; *see also* 42 Pa.C.S.A. §§ 9799.14(c)(4), 9799.15(a)(2). In response, Appellant filed a pre-sentence motion seeking to bar the application of SORNA and stay the proceedings pending the outcome of **Commonwealth v. Torsilieri**, 232 A.3d

567 (Pa. 2020) and **Commonwealth v. Lacombe**, 234 A.3d 602 (Pa. 2020).[3,4]

At the beginning of the June 28, 2019 sentencing hearing, the trial court addressed Appellant's motion. **See** N.T., 6/28/2019, at 4-12. Appellant argued that he should not be required to register under Subchapter H of SORNA because it violates the United States and Pennsylvania constitutions. Motion to Bar Application of SORNA and Stay Proceedings, 6/28/2019, at 3-5. The trial court stated that it believed "there are issues regarding SORNA's constitutionality[,]" but ultimately denied Appellant's motion because the

---

[3] **Torsilieri** addressed the constitutionality of Revised Subchapter H of SORNA, which applies to individuals who commit an offense after December 20, 2012. Our Supreme Court did not reach the merits of any of the constitutional claims raised in **Torsilieri**. Instead, the Court remanded "to the trial court to provide both parties an opportunity to develop arguments and present additional evidence and to allow the trial court to weigh that evidence in determining whether [Torsilieri] has refuted the relevant legislative findings supporting the challenged registration and notification provisions of Revised Subchapter H." **Torsilieri**, 232 A.3d at 596. In **Lacombe**, our Supreme Court addressed the constitutionality of Subchapter I of SORNA, which applies to individuals convicted of sexually violent offenses committed between April 22, 1996 and December 20, 2012, whose registration periods have not expired. Our Supreme Court concluded that Subchapter I "is nonpunitive and does not violate the constitutional prohibition against *ex post facto* laws." **Lacombe**, 234 A.3d at 605-06. Instantly, Appellant's offenses were committed after December 20, 2012. Thus, his registration is premised upon Subchapter H and **Lacombe** does not apply.

[4] Although the trial court docket does not reflect that Appellant filed a pre-sentence motion, none of the parties dispute the existence of Appellant's motion, the Commonwealth filed a response to the motion on June 21, 2019, and the motion was introduced as an exhibit at Appellant's sentencing hearing. N.T., 6/28/2019, at 7 (Exhibit D-1).

court did not believe it had "the power to get through the threshold issue in issuing a stay on the execution of that statute." N.T., 6/28/2019, at 12. Appellant was sentenced to an aggregate term of incarceration of 90 to 180 months of incarceration.[5] He was also required to register as a sex offender for 25 years pursuant to Subchapter H of SORNA. Appellant filed a post-sentence motion to reconsider his sentence on July 9, 2019.[6] On July 16, 2019, the trial court denied his motion. This timely appeal followed.[7]

On appeal, Appellant presents the following issues for our review:

1. Did not the [trial] court err and abuse its discretion in imposing a manifestly excessive sentence of 7½ to 15 years, where the court upwardly departed from the Sentencing Guidelines on all three charges, relying upon impermissible sentencing factors, including Appellant's election to go to trial?

---

[5] Specifically, Appellant was sentenced at docket 6728 of 2019 to 18 to 36 months of incarceration for EWOC and five to ten years of incarceration for sexual abuse of children. At docket 6729 of 2018, Appellant was sentenced to one to two years of incarceration for EWOC. All sentences were set to run consecutively to each other.

[6] For Appellant's post-sentence motion to be considered timely filed, it had to be filed within 10 days of his judgment of sentence, or by Monday, July 8, 2019. *See* Pa.R.Crim.P. 720(A)(1). Thus, Appellant's post-sentence motion filed on Tuesday, July 9, 2019, was facially untimely. As a result, the post-sentence motion did not toll the appeal period and Appellant needed to file his notice of appeal within 30 days of his judgment of sentence for it to be considered timely, which he did. *See* Pa.R.Crim.P. 720(A)(3).

[7] Both Appellant and the trial court complied with Pa.R.A.P. 1925. Our review of the certified record confirms that, while the judgment of sentence from which this appeal has been taken imposed punishment in two separately captioned cases, Appellant filed notices of appeal at both trial court dockets. Accordingly, this appeal complies with the mandate in *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018).

2. Does not 25 years of sex offender registration under Subchapter H of [SORNA], violate Appellant's rights under state and federal constitutions in that:

   a. Sex offender registration under SORNA violates substantive due process under Article 11 of the Pennsylvania Constitution because it deprives individuals of the fundamental right to reputation and fails to satisfy strict scrutiny?

   b. Sex offender registration under SORNA denies Appellant due process under Articles 1 and 11 of the Pennsylvania Constitution because it creates an irrebuttable presumption that those convicted of enumerated offenses "pose a high risk of committing additional sexual offenses" depriving those individuals of their fundamental right to reputation?

   c. Sex offender registration under SORNA denies Appellant procedural due process under the Pennsylvania and Federal Constitutions because it unlawfully impinges on the right to reputation without notice and an opportunity to be heard?

   d. Sex offender registration under SORNA is criminal punishment and, therefore, violates the separation of powers doctrine because it usurps exclusive judicial adjudicatory and sentencing authority?

   e. Sex offender registration under SORNA is criminal punishment and therefore, the imposition of mandatory sex offender registration constitutes cruel and unusual punishment in violation of the 8th and 14th Amendments to the U.S. Constitution and Article 1, § 13 of the Pennsylvania Constitution?

   f. Sex offender registration under SORNA is punishment and so contravenes the 5th, 6th and 14th Amendments of the U.S. Constitution and corresponding protections of the Pennsylvania Constitution, because not every fact necessary to support the imposition of the mandatory minimum

sentence imposed was found by a jury beyond a reasonable doubt?

Appellant's Brief at 4-5 (trial court answers omitted).

Appellant first argues that the trial court imposed a manifestly excessive and unreasonable sentence, relying on impermissible factors to depart from the sentencing guidelines. Appellant's Brief at 21-22. This claim challenges the discretionary aspects of his sentence. To reach the merits of a discretionary sentencing challenge,

> we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether the appellant preserved his or her issue; (3) whether the appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the Sentencing Code.

*Commonwealth v. Ali*, 197 A.3d 742, 760 (Pa. Super. 2018) (citation and brackets omitted).[8]

---

[8] Appellant argues that our case law, including *Commonwealth v. McFarlin*, 587 A.2d 732 (Pa. Super. 1991) (*en banc*), upholding the constitutionality of 42 Pa.C.S. § 9781(b), which requires appellate permission to appeal the discretionary aspects of a sentence, "should be reconsidered or overruled, or … be held not to apply in the instant case, where the judge impermissibly considered a sentencing factor that is legally prohibited." Appellant's Brief at 13 n.8. We decline Appellant's invitation. As a petite panel, we are bound by the rulings of our Court *en banc*. *See Commonwealth v. Bucknor*, 657 A.2d 1005, 1007 n.1 (Pa. Super. 1995).

We observe that Appellant's argument has its supporters. *See e.g., Commonwealth v. Zirkle*, 107 A.3d 127, 135–136 (Pa. Super. 2014) (Strassburger, J., concurring) (explaining view that subsection 9781(b) "infringes upon a defendant's absolute right to an appeal" but acknowledging

*(Footnote Continued Next Page)*

Appellant has not satisfied the second prong required to invoke this Court's jurisdiction because he did not preserve his issue at sentencing and did not file a timely post-sentence motion within 10 days as required under Pa.R.Crim.P. 720. It is well-settled that:

> To be entitled to file a post-sentence motion *nunc pro tunc,* a defendant must, within 30 days after the imposition of sentence, demonstrate sufficient cause, *i.e.*, reasons that excuse the late filing....When the defendant has met this burden and has shown sufficient cause, the trial court must then exercise its discretion in deciding whether to permit the defendant to file the post-sentence motion *nunc pro tunc.* If the trial court chooses to permit a defendant to file a post-sentence motion *nunc pro tunc,* the court must do so expressly within thirty days after the imposition of the sentence.

**Commonwealth v. Batty**, 169 A.3d 70, 72 n.4 (Pa. Super. 2017) (brackets in original omitted). "The trial court's resolution of the merits of the late post-sentence motion is no substitute for an order expressly granting *nunc pro tunc* relief." **Commonwealth v. Capaldi**, 112 A.3d 1242, 1244 (Pa. Super. 2015).

Here, Appellant's post-sentence motion did not acknowledge or explain the untimely nature of the filing or request *nunc pro tunc* relief. Unsurprisingly, therefore, the trial court did not expressly grant *nunc pro tunc*

---

**McFarlin**'s holding that the infringement is a reasonable regulation of the right to an appeal). However, even those supporters maintain that a defendant must preserve his or her sentencing issues for appeal. Therefore, even if we could reconsider **McFarlin**, we would not reach Appellant's claims because Appellant failed to preserve his discretionary sentencing challenges for appeal, as we explain *infra*.

relief. Instead, the trial court merely denied Appellant's requested relief, *i.e.*, the modification of his sentence or the grant of a new trial.

After filing the instant notice of appeal, Appellant averred in his supplemental Rule 1925(b) statement that his post-sentence motion was timely filed because the tenth day was a Sunday and that the motion was filed on July 9, 2019, a Monday. Supplemental Statement of Errors Complained of On Appeal, 10/18/2019, at 2 n.1 (unpaginated). This is incorrect. As discussed above, the 10th day was Monday, July 8, 2019. Thus, Appellant filed his motion on the 11th day. At some point, Appellant realized the mistake and filed a petition with this Court to remand for the trial court to enter an order accepting the post-sentence motion as timely filed. We denied Appellant's petition without prejudice to raise it again before the merits panel. Order, 4/27/2020. In his brief, Appellant detailed and documented the technical issues purportedly plaguing the electronic filing system during the 10-day period following his judgment of sentence and counsel's inability to file electronically Appellant's motion in a timely manner. Appellant's Brief at 9, Exhibit F.

Had Appellant presented these explanations to the trial court within 30 days of his judgment of sentence and requested *nunc pro tunc* relief, the trial court may have permitted the late filing *nunc pro tunc*. However, because Appellant did not present an explanation for the late filing to the trial court within 30 days of his judgment of sentence, did not request *nunc pro tunc*

relief, and was not expressly granted *nunc pro tunc* relief, we cannot resolve Appellant's plight on appeal. Thus, based on the foregoing precedent, Appellant's discretionary sentencing challenge is subject to dismissal because he failed to preserve his sentencing claim properly before the trial court at sentencing, in a timely post-sentence motion, or in a post-sentence motion filed *nunc pro tunc* with express leave of the trial court. **See Batty, supra**; **Capaldi, supra**.

We now turn to Appellant's second issue on appeal, which comprises six challenges to the constitutionality of SORNA. Many of Appellant's challenges replicate those raised in **Torsilieri, supra**. **See** Appellant's Brief at 33-54. Specifically, Appellant alleges that SORNA improperly adopts an irrebuttable presumption in violation of his substantive and procedural due process rights and that SORNA's registration and notification provisions impose punishment without meeting the requirements of **Apprendi v. New Jersey**, 530 U.S. 466 (2000) and **Allyne v. United States**, 570 U.S. 99 (2013), in violation of the prohibition against cruel and unusual penalties, and in violation of the doctrine of separation of powers. The trial court initially denied Appellant's pretrial motion because it believed that it lacked authority to stay SORNA's operation; however, in addressing Appellant's Rule 1925(b) statement, the trial court concluded that Appellant waived these challenges for failing to object or raise them in a post-sentence motion. Trial Court Opinion, 12/5/2019, at 13 (unnumbered). Appellant argues on appeal, however, that he preserved the

- 10 -

challenges in a pre-sentence motion. Appellant's Brief at 35. Alternatively, Appellant argues that these claims cannot be waived because they challenge the legality of his sentence. *Id.* at 37. The Commonwealth agrees that Appellant's claims are not waived because they challenge the legality of his sentence. Commonwealth's Brief at 11.

We conclude that Appellant's pre-sentence filing preserved his claims for appellate review. We also conclude, for the reasons that follow, that Appellant is entitled to remand and an opportunity to litigate his claims before the trial court.

Although the record in this case is devoid of expert evidence pertaining to the recidivism risks presented by sexual offenders and the effectiveness of tier-based registration systems, this state-of-affairs ostensibly emerged from the trial court's initial reluctance to consider Appellant's challenges to legislative findings and related matters concerning SORNA's constitutionality. *Torsilieri*, however, clarified that while such policy determinations are generally reserved for the legislature in the first instance, such considerations are nonetheless "subject to the limits of the [c]onstitution." *Torsilieri*, 232 A.3d at 583. Moreover, *Torsilieri* observed that, in our system of checks and balances, judicial review serves "as a backstop to protect constitutional rights even where legislative social policy determinations are involved." *Id.* For these reasons, the Court in *Torsilieri* rejected categorical prohibitions on

judicial authority to question legislative findings and determinations within the context of constitutional claims. *Id*. at 584.

In a case involving similar issues raised in a similar procedural posture, we observed:

> While [appellant's] case was pending on appeal to this Court, our Supreme Court decided **Commonwealth v. Torsilieri**, [232 A.3d 567 (Pa. 2020)]. [The appellant's] claims on appeal are identical to those raised [**Torsilieri**]. As these constitutional challenges pertain to Subchapter H, and not Subchapter I, the [Supreme] Court's recent decision in **Lacombe** is not applicable [], and, as the **Torsilieri** Court acknowledged, "Subchapter I imposed arguably less onerous requirements on those who committed offenses prior to December 20, 2012[.]" **Torsilieri**, *supra* at 581.

> The **Torsilieri** Court did not reach the merits of any of the constitutional claims at issue, determining instead that the factual record was not sufficiently developed in the trial court. The Court concluded a remand was appropriate "to allow the parties to address whether a consensus has developed to call into question the relevant legislative policy decisions impacting offenders' constitutional rights." **Id**. at 587. The Court stated:

> > We recognize that the Commonwealth parties relied upon our recent statement in **Muniz**, rejecting [ ] expert evidence calling into question the legislature's assessment of sexual offender recidivism risks and the effectiveness of tier-based registration systems. In light of this reliance, we emphasize that all cases are evaluated on the record created in the individual case. Thus, a court need not ignore new scientific evidence merely because a litigant in a prior case provided less convincing evidence. **Indeed, this Court will not turn a blind eye to the development of scientific research, especially where such evidence would demonstrate infringement of constitutional rights**.

> > Nevertheless, we also emphasize that it will be the rare situation where a court would reevaluate a legislative policy determination, which can only be justified in a case involving the infringement of constitutional rights and a consensus of scientific evidence undermining the legislative determination.

- 12 -

> We reiterate that while courts are empowered to enforce constitutional rights, they should remain mindful that "the wisdom of a public policy is one for the legislature, and the General Assembly's enactments are entitled to a strong presumption of constitutionality rebuttable only by a demonstration that they clearly, plainly, and palpably violate constitutional requirements."

> \* \* \*

> Accordingly, we conclude that the proper remedy is to remand to the trial court to provide both parties an opportunity to develop arguments and present additional evidence and to allow the trial court to weigh that evidence in determining whether [the appellant] has refuted the relevant legislative findings supporting the challenged registration and notification provisions of Revised Subchapter H.

*Id*. at 596 (emphasis added) (citations omitted).

*Commonwealth v. Mickley*, 240 A.3d 957, 962-963 (Pa. Super. 2020).  With few exceptions, our recent cases involving similar issues have reached the same conclusion.  *See Commonwealth v. Asher*, 244 A.3d 27 (Pa. Super. 2020); *see also Commonwealth v. Young*, 2021 WL 1390389 (Pa. Super. 2021) (unpublished memorandum); *but see Commonwealth v. Manzano* 237 A.3d 1175 (Pa. Super. 2020) (involving challenge to SORNA registration requirements by designated sexually violent predator).

Here, Appellant raised a SORNA challenge prior to sentencing but the trial court refused to entertain his request for relief.  The reason for refusal appears to be the trial court's reluctance to address Appellant's constitutional challenges which, in turn, rested on the court's misunderstanding of the scope

of judicial authority in this context. Thus, in accordance with **Torsilieri**,[9] we vacate the order denying Appellant's pre-sentence motion and remand for a hearing at which the parties may present evidence for and against the relevant legislation determinations discussed above.

Convictions and sentences of incarceration affirmed. Order denying Appellant's pre-sentence motion vacated. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judge Strassburger did not participate in the consideration or decision of this case.

---

[9] There appears to be an emerging body of case law which holds that constitutional claims for relief directed at SORNA's registration and notification regime and that concern the presumption of recidivism discussed in **Torsilieri** are subject to waiver under Rule 302(a), regardless of whether the claims contest the legality of a sentence. **See Commonwealth v. Reslink**, 2020 WL 7415959 (Pa. Super. 2020) (finding waiver under Pa.R.A.P. 302(a) where appellant did not raise **Torsilieri** challenges before the trial court, either by way of post-sentence motions, **or in a motion to bar application of SORNA**); **see also Commonwealth v. Snyder**, 251 A.3d 782 (Pa. Super. 2021) (noting **Reslink**'s break from traditional rule that challenges to legality of sentence are not subject to waiver under Pennsylvania law and reading **Reslink** for the limited proposition that **Torsilieri** claims may be subject to waiver under Rule 302(a) regardless of whether they challenge the legality of a sentence). Because Appellant raised his **Torsilieri** challenges in a pre-sentence motion, his claims do not implicate the waiver principles discussed in **Reslink** and **Snyder**.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/26/2021</u>